Wayne Pacelle, Humane Society, 2100 L St., N.W., Washington, D.C.
Joseph Slovinec 425 2nd St., N.W. Washington, D.C. 20001 Jan. 6, 2011

**FILED**
**JAN 31 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| Joseph Slovinec | 9:21 PM |
| From: jslovinec16@hotmail.com To: jslovinec... | Show |

| Joseph Slovinec | 9:21 PM |
| From: jslovinec16@hotmail.com To: jslovinec... | Show |

| Joseph Slovinec | 9:21 PM |
| To Joseph Slovinec | |

From: **jslovinec16@hotmail.com**
Saved: Wed 1/05/11 9:21 PM
To: Joseph Slovinec (jslovinec16@hotmail.com)

Saved draft. Continue composing this message  |  Delete

Case: 1:11-cv-00256
Assigned To : Roberts, Richard W.
Assign. Date : 1/31/2011
Description: Employ. Discrim.

From: jslovinec16@hotmail.com
To: jslovinec16@hotmail.com
Subject: Lawsuit against Share Group and Humane Society
Date: Wed, 5 Jan 2011 21:08:46 -0500

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec, 425 2ND ST; NW; WASHINGTON, DC 393-1919
  Plaintiff,                                             20001
  vs.
Share Group, 73 CHAPEL ST; NEWTON, MASSACHUSETTS
  Defendant,                 02459 PHONE 617-629-4500
  and
Humane Society, 2100 L ST; N.W; WASHINGTON, DC 20037
  Co-Defendant              PHONE 452-1100

COMPLAINT

Plaintiff Joseph Slovinec sues Share Group under 42 U.S.C. 1983 for due process violations with zero fair hearings of his responses on an unjust termination where a tape indicated a Humane Society donor on Nov. 25, 2008 actually sent in $25 and misleadingly accused Joseph Slovinec of entering a false pledge: the termination occurred Jan. 8, 2009: Plaintiff is unable to discuss case with a legal counsel this week since he has two pro se filings in U.S. Court of Appeals next week so he has not set the amount of damages against Share Group and wants to sue

RECEIVED
JAN - 6 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Humane Society for $10,000 for defamation since Sue Plant of Share Group said Humane Society influenced termination. J. Slovinec offered Robyn Glazier of Share Group several settlement proposals in the past including an offer to return in September 2010 with no back pay. J. Slovinec uses a similar text of facts in a complaint against Communications Workers of America which he will sue separately.

STATEMENT OF FACTS
1. Joseph Slovinec worked as a fundraiser for Share Group from March 2008 to January 2009.
2. J. Slovinec was rated satisfactory for work performance by Linda Ballard after first 30 days of training in April 2008. Share did not adhere to an implied agreement on a sheet and did not actually give him quarterly evaluations on congeniality and several topics: Share merely gave employees scripts and took totals once a day and J. Slovinec felt his totals like $1100 one week for the Obama campaign were satisfactory or fine, Share did not say otherwise.
3. Sue Plant of Share started to agitate for J. Slovinec's termination in mid-November and she influenced Gustavo Velasquez of D.C. Office of Human Rights to not fairly investigate J. Slovinec's of charges of Share discrimination against him and Deborah Denoye as homeless shelter residents: Sue complained J. Slovinec used washroom too much on a medical excuse after a bad heart hospitalization (she does not care J. Slovinec wanted to move in Chicago since he has next of kin and friends there, not D.C.) and CWA steward Bonnie Barrett had a fiar hearing at the time and Mike Wilson of Share's Massachusetts office ruled against J. Slovinec's termination then.
4. Share made later claims of poor work performance of J. Slovinec without any discussions of it with him: Gustavo Velasquez knew of these.
5. Most papers relevant to this case are already public in U.S. Court of Appeals Case 10-5307 and District Court Case 10-1430: J. Slovinec can xerox these later since case is due Jan. 8, 2011.
6. Termination or discharge of Jan. 8, 2009 was actually done on one charge, the false pledge allegation of Humane Society donoir: Humane Society endorsed Mark Kirk and John Shimkus, Republicans for Congress, and was believed to have clients who disliked J. Slovinec, a longtime Chicago Democrat, for raising money for Obama. /(9 6 7)
7. Please see Vaca v. Sipes 386 U.S. 171 and Cleveland Bd. v. Loudermill 470 U.S. 532 (1985)which says 42 U.S.C. 1983 14th Amendment due process rights are violated when there are not a minimum of two fair hearings, pretermination and posttermination with fair cross-examination of witnesses. Share Group violated Step 1 of contract with no written response and CWA's Bonnie Barrett did not provide one. Bonnie Barrett encouraged Mike Wilson of Share to violate Step 2 when J. Slovinec asked her on his contract right to attend meeting and Bonnie said Mike Wilson made a rule against it. Gross contract violation occurred when CWA's Mike Harris sent a late response on March 26, 2009

© 2011 Microsoft   Terms   Privacy   About our ads   Advertise   Help Center   Feec

CWA's Mike Harris sent a late response on March 20, 2009
allegedly, the duty of Share's Director of Labor Relations, with no names of who met and it was seven weeks late after Jan. 30, 2009, the required date. Mike seems linked to an Africa-American faction like Mayor Williams and perhaps Carol Moseley-Braun.

8. J. Slovinec will amend filings with evidence he could not find work anywhere except a Census temporary job with nearly 2 years on unemployment insurance and will agree to training elsewhere: CWA-Nett unjustly refused him training services.

9. If fair hearing was held, Occurrence form indicates J. Slovinec would have been reinstated with asks and donor said: "I mailed one yesterday for $25", "I want to, not going to commit", on 3rd ask, She said: "I send what I can" and when I asked for $10 per month. she mumbled, "I can send more".There was not just cause for termination: Share did not disagree with above text, only refused to discuss it.

SERVICE IN U.S. MAIL TO:
Robyn Glazier, Share Group, 73 Chapel St., Newton, Mass. 02458
Wayne Pacelle, Humane Society, 2100 L St., N.W., Washington, D.C.
Joseph Slovinec 425 2nd St., N.W. Washington, D.C. 20001 Jan. 6, 2011

*Joseph Slovinec* [signature]

---

**Joseph Slovinec**    9:08 PM
IN THE UNITED STATES DISTRICT COURT FO...    Show

**Joseph Slovinec**    9:08 PM
IN THE UNITED STATES DISTRICT COURT FO...    Show

**Joseph Slovinec**    9:08 PM
To Joseph Slovinec

From: **jslovinec16@hotmail.com**
Saved: Wed 1/05/11 9:08 PM
To:    Joseph Slovinec (jslovinec16@hotmail.com)

Saved draft. Continue composing this message    |    Delete

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,
 Plaintiff,
 vs.
Share Group,
Defendant,
and
Humane Society,
Co-Defendant

COMPLAINT

Case 1:10-cv-01430-UNA   Document 1   Filed 08/25/10   Page 3 of 23

SHARE-CWA CONTRACT

## ARTICLE 12 - UNION ACTIVITIES

**Section 12.1**     **Stewards**

Share agrees to recognize employees who have been duly authorized as Union Stewards and who along with any other official Union representatives will be authorized to conduct Union activities at any time in the workplace, provided they don not disrupt or interfere with the normal functioning of the Call Center and the business. Share will recognize any reasonable number of such Stewards. Stewards will be able to receive and process grievances only on an emergency basis during regularly scheduled shifts without loss of base hourly wages.

Share will pay for joint Company – Union related work performed by the Stewards, which includes but is not limited to collective bargaining, joint Company – Union committees, and joint Company – Union activities. For these activities, Stewards will be paid their base hourly wage and time shall count toward their rolling 8-week average. In addition, Union Stewards may schedule unpaid office hours during any non-calling hours in the workplace provided that these office hours do not disrupt or interfere with the normal functioning of the Call Center or of the business.

**Section 12.2**     **Disseminating Information**

The company will provide the use of a designated bulletin board for the purpose of posting Union notices or other information of interest to members of the Union. Material posted will be limited to Union sanctioned notices, signed by a Steward or other union representative, and shall not contain derogatory statements concerning the Company, its clients or its employees or contain material likely to be considered offensive by clients who may be visiting or conducting business with the Company. Material, which, in the opinion of Management, is not in conformity with the above, shall be called to the attention of the Union representatives, who will remove the material pending a final decision whether the material violates this Article. No material shall be posted without such a signature. Union information shall not be posted at any other location within the company other than the bulletin board described above. Nothing in this section is meant to limit Union notices about other companies, Union Campaigns, and Union mobilizations and political positions except where such notices are derogatory of the company or its clients.

## ARTICLE 13 - GRIEVANCE & ARBITRATION PROCEDURES

**Section 13.1**     **Procedure**

Both the Union and Share commit to work cooperatively, and as quickly and fairly as possible, when problems arise in the workplace. The parties recognize that not all problems constitute "grievances," or alleged violations of this Agreement. Notwithstanding whether a problem constitutes a grievance, the parties share the goal of

11 0256
**FILED**
JAN 3 1 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

24



U.S. DISTRICT COURT   A-2

SHARE-CWA CONTRACT

attempting, whenever possible, to have the grievance resolved through reasoned discussion. If that process fails and the matter involves a grievance, it can be addressed through the following grievance process:

### Step One

An employee may choose to present his/her own grievance, without the Union's involvement on his/her behalf. If an employee presents his/her own grievance, the Union retains the right to review any adjustment or resolution of such grievance to insure that it is consistent with the provisions of this Agreement. Grievances must be presented initially with the Associate Call Center Director within 21 days of the occurrence that gave rise to the grievance. If Share does not agree, in writing, to the remedy requested there shall be, within 7 days, a meeting including the Union Steward and/or representative, the employee, if he/she chooses to attend, and the Associate Call Center Director. The Associate Call Center Director shall give a written response to the grievance within 7 days of that meeting.

### Step Two

If the grievance has not been settled through Step One, it may be resubmitted in writing to the Director of Labor Relations or a person designated by him or her within 7 business days of the receipt of the Associate Call Center Director's final response to Step One. Within 14 days there shall be a meeting including the Union Steward and/or representative, the grievant, if the Grievant chooses to attend, and the Director of Labor Relations or a person designated by him or her. The Director of Labor Relations or a person designated by him or her will give his/her written response to the grievance within 7 business days of that meeting.

### Step Three

If the grievance is not settled in Step Two, the Union or the Company wishing to take the grievance to arbitration shall request mediation in writing from the Federal Mediation and Conciliation Service within ten (10) days after receipt of the decision. Mediation under this section is required before arbitration. The request for mediation must be served in writing by the party requesting it simultaneously on the Federal Mediation Service and the other party within this period as a condition for processing this grievance.

### Step Four

If the grievance has not been settled through Step Three, the Union may, within 21 days of the completion of mediation, submit the grievance to the American Arbitration Association. The decision of the arbitrator shall be binding upon both parties. The fees and charges of such arbitration shall be shared equally by both parties. The arbitrator shall have no authority to add to, subtract from, change or disregard any of the terms or provisions of this Agreement, nor authority or power to award back pay or other


A-2

Case 1:10-cv-01430-UNA   Document 1   Filed 08/25/10   Page 9 of 23

*[Handwritten annotations at top:] CWA, IT WAS LOST IN M[AIL], ALLEGE VIOLATIONS OF SECTIONS 13.6, 14.1, 14.2, 14... ALSO MEAD GIVES NO CUE, NO EVAL... OF PER[FORMANCE]*

# Communications Workers of America, Local 2336

**An AFL-CIO Affiliate**  
Michael B. Harris, President

920 11th Street, S.E., Washington, D.C. 20003-2812  
Phone: (202) 291-1500 ♦ Fax: (202) 829-0202

March 26, 2009

Joseph Slovenic  
425 2nd Street NW  
Washington, D.C. 20001

RE: Grievance #100-SHARE-09

Dear Mr. Slovenic,

The Union appealed the above referenced grievance to the second step of the process on January 16, 2009.

When the Union met with the Company on Friday, January 23, 2009 regarding this matter, it was the Company's decision at this step of the procedure to uphold your termination.

Based on the Company's policy, and information provided at the grievance meeting regarding discipline of yourself, it has been determined by the Union not to pursue this case any further.

If you have any questions, please do not hesitate to contact the Local office on 202 291-1500.

Sincerely,

*[Signature]* Michael B. Harris

Michael B. Harris  
President

*[Filing stamp:]* 10 1430 FILED AUG 25 2010 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

*[Handwritten annotations at bottom:]*
APPENDIX D — US DIST [COURT]
HARRIS RECORDS OMIT NOV. 25 TAPE
TO D.C. OFFICE OF HUMAN RIGHTS: THIS WAS DELIVERED MORE THAN 3 MONTHS LATE ON JULY 17. MIKE USES "HAS BEEN", ANTI-HOMELESS TERM, AND MOSTLY AFRICAN-AMERICAN UNION-VIOLATED CONTRACT BY REFUSING MY REQUEST TO ATTEND STEP TWO GRIEVANCE AS GRIEVANT, ARTICLE 13, BETWEEN BLACKS(?), NIE BARRETT AND CALVIN WILLIAM WITH NO RECORD OF NAMES OR TALK WITH MS. CURRIE. DUVAR SAID SNG SENT IVR25. SUE PLATT PMT NO ONE REVIEW WARNING AND VIOLATE ARTICLE 14: SECTION 14.1 JUST CAUSE, 14.2 PROGRESSIVITY, 14.3 MITIGATION

# EMPLOYEE ACCOUNTABILITY FORM
## SHARE GROUP, INC.

Date: 01/08/09

Fundraiser Name: Joseph Slovenic

| REASON FOR ACTION | POLICY/CONTRACT REFERENCE: |
|---|---|
| [ ] Unprofessionalism | |
| [ ] Sexual Harassment/Discrimination | |
| [ ] Misrepresentation | |
| x   Other (specify) - false pledge/donor - client complaint | |

**ACTION TAKEN**
- [ ] Coaching Meeting
- [ ] Verbal Warning
- [ ] 1st Written Warning
- [ ] Final Written Warning
- [ ] Probation
- [ ] Suspension
- x   Discharge

**Description of Incident/Problem (Attach documentation if appropriate)**
On 11/25/08 Mr. Slovenic put through a pledge of $10 per month by check for an HSSP donor. The donor and client complained that the donor never made a pledge, and that further the call was rude. The complaint was to the extent that a request was made that Mr. Slovenic make no more calls for HSUS.

**Further violations will result in:**

**Corrective Action/Time Line:**
*Immediate*

**Employee Statement, if any (attach additional pages if necessary)**

Employee Signature/Date**: _____

Manager/Supervisor Signature/Date: _____

Witness/Union Steward: _____

This warning will be outstanding for: ___ 1 year

** Employee signature constitutes ONLY an ACKNOWLEDGEMENT that this conversation occurred and doesn't necessarily constitute AGREEMENT with the substance of this conversation.

10 1430

**FILED**
AUG 2 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



APPENDIX E
(C) U/S DISTRICT COURT

(D) - [illegible]

(APPENDIX D)  CAUSE MINNE - MINNO 291-15M

STATEMENT OF OCCURRENCE
LOCAL 2336

NAME  JOE SLOVINEC        ADDRESS  425 2ND ST. N.W.
425 2ND ST. N.W. WASHINGTON, DC 20001  WASHINGTON, D.C. 20001
WORK LOCATION  1400 16TH ST. N.W.    HOME TEL. #  202-393-1909 OR 393-7115
N.C.S. DATE _____     WORK TEL. # _____
JOB TITLE  FUNDRAISER                DEPARTMENT _____
SUPERVISOR'S NAME _____

The following is a statement of what happened to me on
(Use back of page and additional sheets if necessary)

FOR INTERNAL UNION USE ONLY      JANUARY 8, 2006

SUE PLATT MADE A WRONGFUL TERMINATION THREAT AND LISTED A DISCHARGE, AND I ASK MR MIKE WILSON TO REINSTATE ME PROMPTLY ON THE X-ROX OTNR@. IT IS TRUE TO SAY THERE WAS A "DONOR-CLIENT COMPLAINT" AND INACCURATE TO SAY I ENTERED A FALSE PLEDGE #1. THE DONOR WAS VAGUE AND EVASIVE AND SEEMED TO [scratched out] WANT TO ENTER MONTHLY OR REGULAR DONATIONS: I THEREFORE SAY IT WAS WRONG FOR SUE TO TERMINATE ME ON THE BASIS OF A FALSE PLEDGE WHEN WE LISTENED TO CALL TAPE OF NOV. 25. THESE FACTORS OCCURRED: SUE PARTIALLY AGREED CALLER WAS VAGUE 1. CALLER FIRST SAID I TALKED TOO FAST, YET TAPE SHOWS I SLOWED DOWN SHE COULD UNDERSTAND ME. SUE MISTAKENLY SAID I INTERRUPTED HER (THE CALLER) 2. WHEN I FIRST ASKED DONOR IF SHE WANTED TO SEND $10-$15 PER MONTH, SHE SAID "I SEND MORE THAN THAT." "I MAILED ONE YESTERDAY FOR $25". 2 PAYMENTS FOR $50 PER MONTH. ACCORDING TO CONTRACT LAW IN MOST STATES, HER TALK WAS SIGN OF INTENT TO ENTER INTO AGREEMENT. (NAME MADGE PATRICIA FESSENDEN) 3. ON 2ND ASK, SHE WAS NEAR. SAID "I WANT TO NOT [illegible]

3. ON 3rd ASK, SHE SAID "I SEND W/ WHAT I CAN" AND THEN WHEN I ASKED FOR $10 PER MONTH SHE MUMBLED "CAN SEND MORE". WHEN I ASKED, SHE SAID SHE WANTED TO SEND ME CC, ALSO SIGN OF INTENT TO ENTER INTO AGREEMENT.

4. THERE WAS NO PROGRESSIVE DISCIPLINE AND I INTEND TO COMPLAIN TO D.C. GOVERNMENT IT WAS WRONG TO FIRE ME FOR ONE DISTORTED ACCUSATION. I ASK BONNIE TO TELL MR. WILSON IT WOULD BE MORE SINCERE FOR SHARE TO REINSTATE ME OR ALLOW ME TO WORK AGAIN WITH ADVISING OF MANAGEMENT. MANAGEMENT ALMOST NEVER DISCUSSES MY CALLS OR WORK PERFORMANCE. I'LL TELL D.C. GOVERNMENT SHARE SHOULD NOT DISCRIMINATE AGAINST OR EXCLUDE ME BECAUSE SHARE FEELS I SHOULD DO SOMETHING ELSE. SHE REMINDS ME OF CAROL SCHWARTZ WHO DISCRIMINATED AGAINST ME ON JOB TRAINING CALL TIMES 7:45 DEC 22, 7:55 DEC 23.

MR. WILSON, I COMPLIED WITH AGREEMENT I WOULD STAY IF I GOT MORE THAN 70% CALL TIME PERIOD. I WAS OFTEN DISRUPTED FOR AUTHORIZED BREAK ON VAN'S. I GOT $350 FOR HUMANE SOCIETY WITH 79% CALL TIME ON JAN 6. I RAISED $150 WITH 79% CALL TIME ON JAN 7. I GOT 72% ALL TIME.

Date January 8, 2009  Signed Joseph Slovinec

---

I hereby give consent to the inspection by any authorized union representative of any records kept by the Company which may affect the conditions of my employment and to release copies to the Union. This authorization is given in accordance with the existing agreement between the Union and the Company.

Date January 8, 2009  Signed Joseph Slovinec

peiu#2
fl-cio

BONNIE - MY E-MAIL IS
jslovinec6@hotmail.com
I ALSO WILL NOT WITHDRAW JOB APPLICATION WITH OBAMA TRANSITION TEAM.